UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AON FINANCIAL PRODUCTS, INC., and AON
CORPORATION,

                        Plaintiffs,                                     00 Civ. 5863 (GBD)

      -against-                                                       <u>ORDER</u>

SOCIÉTÉ GÉNÉRALE,

                        Defendant.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

      This Court granted plaintiffs' motion for summary judgment on their claim for reimbursement and indemnification from defendant Société Générale for $10,000,000 pursuant to the credit default swap agreement between the parties. This Court denied defendant's motion for judgment on the pleadings. The Court referred this matter to Magistrate Judge Theodore H. Katz for a determination of attorneys' fees, costs, and interest. He issued a Report and Recommendation ("Report") recommending that the plaintiff be awarded $128,917.42 in attorneys' fees and costs, and prejudgment and postjudgment interest at the Default Rate specified in the parties' Master Agreement ("Default Rate"), calculated on the judgment amount of $10,000,000 commencing on April 7, 2000.

      In his Report, Magistrate Judge Katz advised the parties that failure to file timely objections to the report would constitute a waiver of those objections. Defendant filed timely objections to the Report. Magistrate Judge Katz found that attorneys' fees should be awarded to the plaintiffs because the agreement between the plaintiffs and the defendant contemplated such an award to the prevailing party in an action to enforce the agreement. Magistrate Judge Katz, however, did not include in his award of attorneys' fees the portion which stemmed from a

declaratory judgment action filed by the plaintiffs against the defendant in the Northern District of Illinois which was later dismissed by the plaintiffs. As to both pre-judgment and post-judgment interest, Magistrate Judge Katz found that the agreement between the parties contemplated such an award, and accordingly, granted plaintiffs interest.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. See Nelson v. Smoth, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd 167 F.3d 618 (2d Cir. 1998). With respect to those portions of the Report to which there was no specific objection, this Court finds that the record is not facially erroneous.

The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine, the extent, if any, it should rely upon the magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 676.

This Court has examined defendant's various objections to Magistrate Judge Katz's Report and finds them to be without merit.[1] In this Court's February 18, 2005 Memorandum

---

[1] All of defendant's objections to the Report relate to defendant's attempt to further argue before Magistrate Judge Katz that defendant is not liable for the judgment amount of $10,000,000 determined by this Court in its February 18, 2005 Memorandum Opinion and Order.

2

Opinion and Order, this Court determined that Government Service Insurance System's denial of liability qualified as a "Credit Event" under the AFP/Société Générale Agreement. This Court further found that plaintiffs had timely delivered a "Credit Event Notice" to defendant. That notice triggered defendant's liability under the Agreement to pay plaintiffs the amount of $10,000,000.

After reviewing the Report and defendant's objections, the Court adopts the Report. None of defendant's objections to the Report alter their previously adjudicated liability. Nor do those objections point to any errors in the Magistrate Judge's proper calculation of the attorneys' fees, costs and interest determination. The plaintiffs are therefore awarded $128,917.42 in attorneys' fees and costs, and prejudgment and postjudgment interest at the Default Rate, calculated on a judgment amount of $10,000,000 commencing on April 7, 2000. Consistent with this Order adopting the Report, a judgment will issue.

Dated: New York, New York
February 22, 2006

SO ORDERED:

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge

---

Specifically, defendant argued before Magistrate Judge Katz that the judgment should be reduced to $620,000 because of certain "deliverable obligations" it claimed were owed by plaintiffs. In his Report, Magistrate Judge Katz recommended that the interest be calculated on the judgment amount of $10,000,000 stating: "[A] determination that Defendant's liability is anything other than for the Judgment Amount of $10,000,000 could not be made consistent with the [District Court's]...conclusion that GSIS's default on the Surety Bond, and the Philippines' subsequent rejection of its guarantee, triggered Defendant's liability to indemnify Plaintiffs for the $10,000,000 owed to BSIL, and is precluded by the law of the case." Magistrate Judge Katz was correct in making that decision. All relevant issues raised by defendant during the Court's review of the cross-motions were considered by this Court. Defendant's attempt to reserve or renew substantive arguments in opposition to its contractual obligations can only be recognized as an effort to further delay payment on the determined liability.

3